IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice

Civil Action No.  09-cv-02503-WDM-GJR

HOME DESIGN SERVICES, INC.,

    Plaintiff,

vs.

STARWOOD CONSTRUCTION, INC., and
KERRY LEE HANKE,

    Defendants.

---

**ORDER RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT AND
MEMORANDUM OF LAW IN SUPPORT THEREOF (Doc. 40)**

---

This matter comes before the Court on Plaintiff's Motion to Amend the Complaint (Doc. 40) to add Diane K. Hanke, the wife of Defendant Kerry Lee Hanke, as an additional party defendant in this matter. Defendants oppose the motion.  The motion has been referred to the undersigned by Order of Reference dated December 1, 2010 (Doc. 50).

## BACKGROUND

This is a copyright infringement case.  The Complaint (Doc. 1), filed on October 23, 2009, alleges, in the single remaining Count I, that Starwood Construction, Inc, a corporation, and Kerry Lee Hanke, a U.S. citizen, infringed the copyright on an original architectural work entitled and advertised as the "HDS-2089" and its derivative the "HDS-1758" (also known as the Jack Creek home),  created and copyrighted by Home Design Services, Inc. (HDS).   In addition to injunctive

relief, HDS seeks to recover its damages incurred as a result of Defendants' alleged infringing activities, as well as any profits of the infringers.

The Scheduling Order, entered on January 25, 2010 (Doc. 12) established the date of March 26, 2010 as the deadline to join parties and amend pleadings. The Scheduling Order, as finally amended, set December 1, 2010 as the discovery deadline and January 20, 2011 as the dispositive motion deadline.

Plaintiff's Motion to Amend Complaint was filed with the Court on October 5, 2010.

Plaintiff has filed a timely motion for summary judgment (Docs. 58 & 61).   Defendants have not filed a motion for summary judgment.

## FACTS

Defendants, in their Initial Disclosures dated February 12, 2010, disclosed Diane Hanke as an individual having information regarding the defenses.

In March 2010 Plaintiff served Defendants with written interrogatories. In Kerry Hanke's response to Plaintiff's First Set of Interrogatories, Mr. Hanke identified Diane Hanke as Secretary of Starwood Construction, Inc. and as an individual furnishing information or otherwise assisting in the preparation of the answers to the interrogatories. Starwood Construction, Inc., in their responses to interrogatories, similarly identified and described Diane Hanke.

During the course of Diane Hanke's deposition, taken on September 9, 2010. Mrs. Hanke revealed that she had been the real estate agent on the sale of the Jack Creek home, title to which was held by Kerry and Diane Hanke, and that she had received a sales commission on the sale of the subject home. Mrs. Hanke also revealed during the course of the deposition that she had been involved in the design process of the Jack Creek home.

On October 5, 2010 Plaintiff filed a Motion to Amend Complaint (Doc. 40), adding Diane Hanke as a Defendant and adding an allegation that Defendants had infringed the copyright, not only by advertising, designing, and constructing an infringing residence, but also by "selling" a residence which infringed on the copyrighted architectural work.

## ANALYSIS AND FINDINGS

The deadline to join parties and amend pleadings has passed. Consequently, I apply a two step analysis in deciding whether to allow the amendment. As stated by Plaintiff in the Memorandum of Law in support of the Motion to Amend: "First, the movant must initially demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard it must then pass the traditional requirements for amendment under Rule 15(a)," citing *Pumpco, Inc. v. Schenker Intern.,* 204 F.R.D. 667, 668-69 (D. Colo 2001).

In this case, Plaintiff argues that good cause exists to extend the deadline for amendment because, in a deposition set within the discovery deadlines, "Mrs. Hanke revealed-for the first time- that she actively participated in selecting the design for at least one home at issue from a magazine. In addition, she admitted that she not only was a seller of both homes, but that she was also the selling realtor and thus received a sales commission in that capacity."

"The fact that a party first learns, through discovery or disclosures, information necessary to the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline*." Pumpco, supra,* at 668-669.

I find that plaintiff has established good cause to extend the deadline within which it may seek leave to amend the complaint. Plaintiff has satisfied the "good cause" standard of Rule 16(b).

I next turn to the standards for amendment under Rule 15(a).

Rule 15(a) of the Federal Rules of Civil Procedure expressly states that leave to amend "shall be freely given when justice so requires." Defendants oppose amendment, asserting that the motion to amend "comes more than six months after the deadline to amend complaint" and that the motion "fails to include any relevant citations to admissible portions of the record that purportedly justify the amendment." Plaintiff has cured this omission in its Reply brief (Doc. 48) by providing copies of the pertinent deposition transcripts.

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S.West, Inc*., 3 F.3d 1357, 1365 (10th Cir.1993) quoted in *Pumpco, supra* at 669.

I find that justice requires that leave be given to amend the Complaint to add Diane Hanke as a party defendant.

I further find that there has been no showing of undue delay, or undue prejudice to the opposing party, or dilatory motive, or failure to cure deficiencies by amendments previously allowed or futility of amendment.

Although the deadline for conducting discovery has now closed, no pretrial conference has been set, nor has any trail date been established. Should the parties believe that additional discovery is required in light of the amendment to add Diane Hankey as a defendant, they may ask to reopen

discovery. Any prejudice which might arise from the addition of Diane Hanke as a Defendant is capable of being cured.

## ORDER

IT IS ORDERED that the Motion to Amend is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to accept for filing the Amended Complaint-Injunctive Relief Sought attached to the Motion to Amend.

IT IS FURTHER ORDERED that Defendants shall have 30 days after service within which to answer or otherwise respond to the Amended Complaint.

DATED at Grand Junction, Colorado, this 7th day of February, 2011.

BY THE COURT:

s/ Gudrun J. Rice

_____
Gudrun J. Rice
United States Magistrate Judge